UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4409

ZEEK MARTINS NNADOZIE, a/k/a
Dallas Shane Hill,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-97-217-MU)

Submitted: November 24, 1998

Decided: December 31, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Charlotte, North Carolina, for Appellant. Brian
Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Zeek Martins Nnadozie of making false statements in a passport application in violation of 18 U.S.C.A. § 1542 (West Supp. 1998). On appeal, Nnadozie's counsel has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising one issue challenging Nnadozie's conviction but stating that, in her view, there are no meritorious grounds for appeal. Nnadozie was notified of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

Testimony at trial disclosed that Nnadozie obtained a South Carolina identification card under the name of Dallas Shane Hill. On the same day he obtained the identification card, Nnadozie completed a passport application identifying himself as Hill, an accountant, who resided at 313 Esplanade Street, Charlotte, North Carolina. Nnadozie presented the application to a passport acceptance clerk in Charlotte, along with two photographs, a North Carolina birth certificate, and the South Carolina identification card bearing Hill's name. The clerk verified that the person in the photographs was the person standing before her. Dallas Shane Hill testified, however, that he had lost his North Carolina birth certificate, had never applied for a passport, and had never lived at the address listed on the application.

The defense called William Maher, special agent with the Department of State. Maher testified that he investigated passport and visa fraud and that Nnadozie met with him voluntarily to provide handwriting examples on two different dates. On cross examination, the Government asked Maher why he obtained a second example of Nnadozie's handwriting. Over defense counsel's objection, Maher testified that he thought Nnadozie had attempted to disguise his handwriting because he had a cloth rope wrapped around his hand and thumb while he wrote the samples. A jury convicted Nnadozie of

2

making false statements in a passport application, and the district court sentenced him to time served and two years of supervised release.

On appeal, Nnadozie challenges his conviction on the ground that the district court abused its discretion in allowing Maher to testify that he believed Nnadozie attempted to disguise his handwriting when he provided handwriting samples to the Government. We review a district court's evidentiary ruling for an abuse of discretion. See United States v. Patterson, 150 F.3d 382, 387 (4th Cir. 1998). Lay opinion testimony is admissible where it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701.

Maher's testimony was based on his perception. As part of his investigation, Maher reviewed the passport application and determined that the address listed on the application belonged to Nnadozie and not to Hill. Maher then obtained a photograph of Nnadozie and found that it was identical to the photographs submitted with the passport application. Finally, Maher's testimony was helpful to the jury because it explained why the Government requested two handwriting samples. See Wilburn v. Maritrans GP Inc., 139 F.3d 350, 355-56 (3d Cir. 1998) (stating that for lay witness opinion to be helpful, witness must have reasonable basis grounded either in experience or specialized knowledge for arriving at opinion expressed). We therefore find no abuse of discretion in the district court's admission of Maher's testimony on cross-examination. See Patterson, 150 F.3d at 387.

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Nnadozie's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED